UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MALIKA MITCHELL-STEWART,** § <br> Plaintiff, § <br> § <br> vs. § <br> **JP MORGAN CHASE & CO.** § <br> **JP MORGAN CHASE BANK N.A.** § <br> **TRUPTI PATEL, Individually, and** § <br> **SHAE WELLS, Individually** § <br> Defendants. § | Civil File No. _____ |

# COMPLAINT

**COMES NOW,** Plaintiff, Malika Mitchell-Stewart ("Dr. Mitchell-Stewart"), by and through undersigned counsel, and brings this action against Defendants JP Morgan Chase & Co. and JP Morgan Chase Bank, N.A. ("Chase"), Trupti Patel, individually ("Patel"), and Shae Wells, Individually ("Wells"), collectively "Defendants", and as grounds thereof alleges as follows:

## I.     INTRODUCTION

1.     Dr. Mitchell-Stewart just completed her medical school residency and started employment with the Valley Oaks Medical Group. As she embarks upon her career as a physician, and throughout her career, it is a professional requirement that Dr. Mitchell-Stewart's criminal record be spotless. She knows that to be accused of a crime would not only be damaging to her reputation, but it could derail a career that she is just now starting. Until recently, Dr. Mitchell-Steward had never been accused any crime. Accordingly, Dr. Mitchell-Stewart certainly did not expect that when she attempted to open a bank account with Chase and proudly deposit her first check as a new physician she would be accused of fraud and denied the ability to open a bank account at one of the more prominent retail banks in the world.

1

2. What Dr. Mitchell-Stewart was reminded of on this day was that she is a black woman attempting to deposit $16,000 in a predominantly white affluent suburb - Sugarland, Texas in Ft. Bend County. Solely because of her race, Dr. Mitchell-Stewart was discriminated against by members of Chase's banking staff and denied services provided to non-African American customers of Chase.

3. Accordingly, Dr. Mitchell-Steward commences this action against Chase to recover damages pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §, *et seq*., as amended, ("Section 1981").

## II.   JURISDICTION

4. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because it arises under a statute of the United States, specifically Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §, *et seq*., as amended, ("Section 1981") which forbids racial discrimination against any person in the "making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

5. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over any and all state law claims and causes of action that derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally-based claims and causes of action.

## III.   VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, subsections (b)(2), (c)(2), and (d) because Defendant JPMorgan Chase is deemed by that statute to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to this civil action, and/or in any district within Texas within which its contacts would be sufficient to subject

it to personal jurisdiction if that district were a separate State. Defendant does a considerable and substantial amount of business in this District, employs numerous persons within this District, and regularly solicits business from the citizens of this District. Upon information and belief, individual Defendants Trupti Patel and Shae Wells regularly conduct business within and from this District, serve and seek to serve the citizens of this District, maintain residence in this District, and otherwise purposely avail themselves of the benefits of this District. In addition, venue in this judicial district is proper because the incident in question occurred in this District and therefore a substantial part of the events or omissions giving rise to the claim occurred here.

## IV.    PARTIES

7.    Plaintiff, Dr. Mitchell-Stewart was and is a U.S. Citizen, over the age of eighteen years of age, and a person with standing to bring a claim under Section 1981.

8.    Defendant, Trupti Patel (Patel), is an individual who resides in Texas and can be served with process at her place of employment JPMorgan Chase Bank, First Colony Branch 2455 Highway 6, Sugar Land, Texas 77478, or wherever this Defendant may be found.

9.    Defendant, Shae Wells (Wells), is an individual who resides in Texas and can be served with process at her place of employment at JPMorgan Chase Bank, First Colony Branch 2455 Highway 6, Sugar Land, Texas 77478, or wherever this Defendant may be found.

10.    Defendant, JPMORGAN CHASE & CO. is a Delaware corporation with its principal place of business at 270 Park Avenue, New York, New York 10017. This Defendant does business in the State of Texas and in the Southern District of Texas through its Retail Financial Services operating segment and through its websites, including but not limited to www.chase.com. This Defendant can be served with process through its registered agent, CT Corporation System, 111 Eight Avenue, 13th Floor, New York, New York 10017. The Defendant's Texas headquarters

3

is located at 350 North St. Paul St. Dallas, TX 75201 and can be served with process through its registered agent, CT Corporation System, 1999 Bryan St. Ste. 900 Dallas, Texas 75201.

11. Defendant, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION is a banking subsidiary of Defendant JPMorgan Chase & Co. with its principal place of business at 270 Park Avenue, New York, New York 10017, This Defendant does business in State of Texas and the Southern District of Texas and can be served with process through its registered agent, CT Corporation System, 1999 Bryan St. Ste. 900 Dallas, Texas 75201.

### V.  FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

12. Dr. Mitchell-Stewart provides in this section the general substance of certain factual allegations.

13. On December 18, 2021, Dr. Mitchell-Stewart visited Chase's First Colony Branch ("First Colony Branch") to open an account and deposit her signing bonus check worth $16,780.16 that she received from Valley Oaks Medical Group (the "Check").

14. As Dr. Mitchell-Stewart was not a JPMorgan Chase account holder, she intended to open an account with the branch so she could make the deposit in question along with future deposits.

15. At the Chase's First Colony Branch, Trupti Patel assisted Dr. Mitchell-Stewart.

16. After reviewing the amount of the Check Dr. Mitchell-Stewart wanted to deposit, Patel began to ask peculiar questions about Dr. Mitchell-Stewart that challenged the validity of the Check and her employment as a physician.

17. After Patel's odd inquiry into Dr. Mitchell-Stewart, she claimed that she needed to verify the Check and get a bank manager.

18. Moments later, after making Dr. Mitchell-Stewart wait, Patel returned with purported First Colony Branch Manager Shae Wells, and represented Shae Wells to Dr. Mitchell-Stewart as First Colony Branch "Branch Manager".

19. Contrary to the representations made by Patel to Dr. Mitchell-Stewart, Wells' position at the First Colony Branch is not "Branch Manager", but rather she is an "Associate Banker" and "Lead Teller-Operations Specialist".

20. Wells told Dr. Mitchell-Stewart that her Check was fraudulent without providing justification.

21. Wells then told Dr. Mitchell-Stewart that she did not feel comfortable allowing her to open a bank account at the First Colony Branch with the Check because Wells believed Dr. Mitchell-Stewart was attempting to commit fraud.

22. Wells refused to provide any alternative methods or means to assist Dr. Mitchell-Stewart.

23. After being denied services at the First Colony Branch, Dr. Mitchell-Stewart went home to avoid being arrested and had an adverse emotional reaction over this humiliation. After years of training to become a physician, she was humiliated and treated like a criminal after getting her first check after years of being in medical residency.

24. As soon as Dr. Mitchell-Stewart showed employees at First Colony Branch her Check, they immediately treated her like a criminal.

25. Even after Dr. Mitchell-Stewart showed employees at First Colony Branch identification, emails between her and the clinic she works for along with her business card, she was still treated like a criminal.

26. Dr. Mitchell-Stewart was forced to go days during the Christmas holiday season without her first Check as a physician. This caused her great anxiety.

27. Dr. Mitchell-Stewart, accompanied by her mother, returned to the file a complaint at the First Colony Branch along with her mother on December 27, 2021.

28. The actual "Branch Manager" at First Colony Branch, Janice M. Brooks, admitted to Dr. Mitchell-Stewart that on December 18, 2021, she could have opened an account at the branch and deposited the Check, and that the bank would only have needed to hold the funds until it the transaction was verified at both banks.

29. When Dr. Mitchell-Stewart expressed displeasure over why this was not done, Branch Manager Janice M. Brooks apologized, but then stated that Chase can refuse service to people without justification.

## VI. CAUSES OF ACTION & DAMAGES

### COUNT I:
### COMPENSATORY AND PUNITIVE DAMAGES AND ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 1981

30. Plaintiff repeats, realleges, and fully incorporates each and every allegation contained in Paragraphs 1 through 29 of this Complaint as though such allegations were fully set forth herein.

31. Plaintiff had a right under Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq*. to be free from discrimination based on her race in the "making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," including the relationship she sought with Chase on December 18, 2021.

6

32. The Defendants acted out of racial animus in denying Dr. Mitchell-Stewart her federally protected rights and intentionally treated her in a base, criminal, and subhuman manner at the First Colony Branch. Their discriminatory and humiliating treatment of her were utterly unacceptable in civilized society and were an affront to the values that society expects in the equal treatment of all persons, especially those who seek to open accounts in banks licensed by the United States government and enjoy the privileges of operating retail community banks under federal regulations. Moreover, Defendants' various intentional acts that both wrongfully denied presentment and deposit of the Check, and that obfuscated the identity of the Branch Manager, are additional acts of racial discrimination that are violative of the aforesaid federally protected rights and are unacceptable in civilized society.

33. The Defendants are liable to Plaintiff, jointly and severally for compensatory damages under 42 U.S.C. § 1981 for their intentional acts and omissions that caused Plaintiff to sustain and endure sever emotional distress, mental anguish, disgust, revulsion, nausea, embarrassment, disparagement, shock, and utter humiliation, in an amount of at least $500,000, or as determined by the trier of fact.

34. Both Patel and Wells individually, as well as Chase's managerial employees at the First Colony Branch, personally acted with malice and/or reckless indifference toward Plaintiff's federally protected rights, singling her out for discriminatory treatment based upon her racial classification and/or gender (because she is an African-American female) - humiliating her, and attempting to obfuscate and conceal the identity of the First Colony Branch "Branch Manager" for the purpose of preventing Dr. Mitchell-Stewart from enforcing those rights. Accordingly, the Defendants are also liable to Plaintiff, jointly and severally, for punitive damages under 42 U.S.C.

§ 1981 because their conduct was based on malice and/or reckless indifference to Plaintiff's legal rights - in an amount of at least $500,000 or as determined by the trier of fact.

35. In addition, the Defendant's conduct as described hereinabove has caused Plaintiff to incur attorneys' fees and costs and will continue to cause Plaintiff to incur such fees and costs until this action has been resolved, and Plaintiff is entitled to recover those attorneys' fees and costs in accordance with applicable federal laws.

### COUNT II:
### COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO STATE LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in Paragraphs 1 through 35 of this Complaint as though such allegations were fully set forth herein.

37. The aforesaid acts and omissions by Defendants and the other The First Colony Branch employees were outrageous and utterly intolerable in civilized society, were malicious and/or were conducted with reckless indifference to the likelihood that emotional distress would result and were intentional toward Plaintiff and intended to cause her emotional distress. They therefore constitute the tort of intentional infliction of emotional distress.

38. The Defendants and Chase employees at The First Colony Branch personally acted with malice and reckless indifference toward Plaintiff's federally protected rights, singling her out for discriminatory treatment because she is an African American woman - humiliating her, and lying to her preventing her from enforcing those rights. Accordingly, Defendants are liable to Plaintiff, jointly and severally, for compensatory damages under applicable state laws because their conduct was based on malice and/or reckless indifference to Plaintiff's legal rights, in an amount of at least $500,000 or as determined by the trier of fact.

## VII.  JURY DEMAND

39.  Plaintiff respectfully requests trial by jury in this matter.

## VIII.  PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants Chase, Patel, and Wells, jointly and severally, for compensatory damages of at least $500,000 or in an amount to be determined by the jury at trial, for punitive damages of at least $500,000 or in an amount to be determined by the jury at trial, and for her attorneys' fees, costs, pre-judgment interest and such other and further relief as the Court shall deem just and proper.

Date:  February 1, 2022

        Respectfully Submitted,

        */s/ Paul K. Stafford*
        **STAFFORD MOORE, PLLC**
        Paul K. Stafford
        State Bar No. 00791716
        paul@staffordmoore.law
        Justin A. Moore
        State Bar No. 24088906
        justin@staffordmoore.law
        325 N. St. Paul Street, Suite 2210
        Dallas, Texas 75201
        Phone:    214-794-1069
        Facsimile:  214-580-8104

        **ATTORNEYS FOR PLAINTIFF**
        **DR. MALIKA MITCHELL-STEWART**

## AFFIDAVIT of DR. MALIKA MITCHELL-STEWART

**STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

I, DR. MALIKA MITCHELL-STEWART, state and declare that I am over 21 years of age and fully competent to make this declaration. The facts set forth herein are true and correct and within my personal knowledge. I have read the foregoing Complaint, and the facts stated in the Factual Background section (paragraphs 12-29) are within my personal knowledge and are true and correct, unless otherwise qualified therein.

My name is Dr. Malika Mitchell-Stewart, my date of birth is February 13, 1987, and my address is 12702 Alderwood Dr. Missouri City, TX 77489. I declare under penalty of perjury that the foregoing is true and correct.

Dr. Mitchell-Stewart provides in this section the general substance of certain factual allegations.

On December 18, 2021, Dr. Mitchell-Stewart visited Chase's First Colony Branch ("First Colony Branch") to open an account and deposit her signing bonus check worth $16,780.16 that she received from Valley Oaks Medical Group (the "Check").

As Dr. Mitchell-Stewart was not a JPMorgan Chase account holder, she intended to open an account with the branch so she could make the deposit in question along with future deposits.

At the Chase's First Colony Branch, Trupti Patel assisted Dr. Mitchell-Stewart.

After reviewing the amount of the Check Dr. Mitchell-Stewart wanted to deposit, Patel began to ask peculiar questions about Dr. Mitchell-Stewart that challenged the validity of the Check and her employment as a physician.

10

After Patel's odd inquiry into Dr. Mitchell-Stewart, she claimed that she needed to verify the Check and get a bank manager.

Moments later, after making Dr. Mitchell-Stewart wait, Patel returned with purported First Colony Branch Manager Shae Wells, and represented Shae Wells to Dr. Mitchell-Stewart as First Colony Branch "Branch Manager".

Contrary to the representations made by Patel to Dr. Mitchell-Stewart, Wells' position at the First Colony Branch is not "Branch Manager", but rather she is an "Associate Banker" and "Lead Teller-Operations Specialist".

Wells told Dr. Mitchell-Stewart that her Check was fraudulent without providing justification.

Wells then told Dr. Mitchell-Stewart that she did not feel comfortable allowing her to open a bank account at the First Colony Branch with the Check because Wells believed Dr. Mitchell-Stewart was attempting to commit fraud.

Wells refused to provide any alternative methods or means to assist Dr. Mitchell-Stewart.

After being denied services at the First Colony Branch, Dr. Mitchell-Stewart went home to avoid being arrested and had an adverse emotional reaction over this humiliation. After years of training to become a physician, she was humiliated and treated like a criminal after getting her first check after years of being in medical residency.

As soon as Dr. Mitchell-Stewart showed employees at First Colony Branch her Check, they immediately treated her like a criminal.

Even after Dr. Mitchell-Stewart showed employees at First Colony Branch identification, emails between her and the clinic she works for along with her business card, she was still treated like a criminal.

11

Dr. Mitchell-Stewart was forced to go days during the Christmas holiday season without her first Check as a physician. This caused her great anxiety.

Dr. Mitchell-Stewart, accompanied by her mother, returned to the file a complaint at the First Colony Branch along with her mother on December 27, 2021.

The actual "Branch Manager" at First Colony Branch, Janice M. Brooks, admitted to Dr. Mitchell-Stewart that on December 18, 2021, she could have opened an account at the branch and deposited the Check, and that the bank would only have needed to hold the funds until it the transaction was verified at both banks.

When Dr. Mitchell-Stewart expressed displeasure over why this was not done, Branch Manager Janice M. Brooks apologized, but then stated that Chase can refuse service to people without justification.

FURTHER AFFIANT SAYETH NOT"

_____
DR. MALIKA MITCHELL-STEWART

SUBSCRIBED AND SWORN TO BEFORE ME on the 1st day of February, 2022 to certify which witness my official seal of office.

_____
Notary Public in and for the State of Texas

**FURTHER AFFIANT SAYETH NOT"**

_____

DR. MALIKA MITCHELL-STEWART

DR. MALIKA MITCHELL-STEWART

SUBSCRIBED AND SWORN TO BEFORE ME on the 1st day of February, 2022 to certify which witness my official seal of office.



Notary Public in and for the State of Texas

R D BEAVERS
Notary ID #6720729
My Commission Expires
March 10, 2023

13