# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **MALIKA MITCHELL-STEWART,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:22-cv-00341** |
| **JP MORGAN CHASE & CO.** | § | |
| **JP MORGAN CHASE BANK N.A.** | § | |
| **TRUPTI PATEL, Individually, and** | § | |
| **SHAE WELLS, Individually** | § | |
| **Defendants.** | § | |

## DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT [DKT. 23]

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ iii

I.    NATURE AND STAGE OF THE PROCEEDING ............................................. 1

II.   ISSUES TO BE RULED UPON ........................................................................ 1

III.  SUMMARY OF THE ARGUMENT ................................................................. 2

IV.   ARGUMENT AND AUTHORITIES ................................................................ 5

   A.  General Legal Standards for a Fed. R. Civ. P. 12(b)(6) Motion ................... 5

   B.  The Amended Complaint's Relevant Factual Allegations ............................. 6

   C.  The Motion to Dismiss Plaintiff's IIED Claims ............................................ 7

      1. Plaintiff's IIED Claim Must Be Dismissed Because It Is A "Gap Filler,"
         And Her Section 1981 Claim Covers The Allegedly Offensive Behavior. ...................... 7

      2. Plaintiff Also Fails To Establish Essential Elements Of Her IIED Claim. ..................... 9

         a.    Defendants' alleged actions were not "extreme and outrageous." ........................... 9

         b.    The Amended Complaint's factual allegations fail to establish
               that Plaintiff experienced "severe emotional distress." .................................... 11

   D.  The Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 Claims. ............................................. 13

      1. The Amended Complaint Fails to Allege Facts That Plaintiff's Race Played
         A Role In Defendants' Treatment Of Her Check. ............................................. 13

      2. Section 1981 Only Provides Relief For Racial Discrimination, And Plaintiff's
         Gender Discrimination Claim Must Be Dismissed. .......................................... 16

      3. Plaintiff's New Section 1981 Gender Discrimination Claim Also Fails To Be
         Supported By Any Direct Or Indirect Evidence of Gender-Based Action. ...................... 17

   E.  The Motion to Dismiss All Claims Against JPMC Holding Company. ............................. 18

   F.  In The Alternative, Plaintiff's Request For Punitive Damages Under Section 1981
       Must Be Dismissed. ........................................................................... 21

V.    CONCLUSION ................................................................................. 22

## TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Akyar v. TD Bank US Holding Co.*,
    No. 18-CV-379, 2018 WL 4356734 (S.D.N.Y. Sep. 12, 2018)..........................................15

*Allen-Brown v. D.C.*, 54 F. Supp. 3d 35 (D.D.C. 2014) ...................................................17

*Amaya v. Ballyshear LLC*, 295 F. Supp. 3d 204 (E.D.N.Y. 2018)................................16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...................................................................2, 5, 6

*Auriti v. Wells Fargo Bank, N.A.*,
    No. 3:12-CV-334, 2013 WL 2417832 (S.D. Tex. June 3, 2013)......................................10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................2, 5

*Bellard v. JP Morgan Chase Bank, N.A.*,
    No. G-10-124, 2010 WL 1960079 (S.D. Tex. May 14, 2010)..........................................21

*Bennett v. Calabrian Chemicals Corp.*, 324 F. Supp. 2d 815 (E.D. Tex. 2004) ..........................21

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)..........................................5

*Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340 (5th Cir. 1981)............................16

*Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381 (5th Cir. 2017) ........................13

*Brandon v. Life Care Ctrs. of Am., Inc.*,
    No. H-05-4013, 2006 WL 581798 (S.D. Tex. Mar. 8, 2006) ..........................................7, 8

*Cf. Knight v. Wells Fargo Bank NA*, 459 F. Supp. 3d 1288 (N.D. Cal. 2019) ..............................14

*Clearline Techs. Ltd. v. Cooper B-Line, Inc.*,
    No. H-11-1420, 2012 WL 43366 (S.D. Tex. Jan. 9, 2012)................................................6

*Conley v. Gibson*, 335 U.S. 41 (1957) .........................................................................5

*Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814 (Tex. 2005) ....................................7, 8, 9

*Cuvillier v. Taylor*, 503 F.3d 397 (5th Cir. 2007)........................................................5

*Deleon v. Cantrell,*
    No. 7:16-CV-00038-O-BP, 2017 WL 1857443 (N.D. Tex. Apr. 20, 2017)......................6

*Doe v. Cmty. Health Choice Tex., Inc.*,
    No. 4:20-CV-00142, 2021 WL 4458769 (S.D. Tex. Sep. 29, 2021) ................................10

*Durckel v. St. Joseph Hosp,* 78 S.W.3d 576 (Tex. App. 2002) ........................................................8

*Graham v. JPMorgan Case Bank, Nat. Ass'n,*
    No. 4:13-CV-1410, 2015 WL 4431199 (S.D. Tex. July 17, 2015) ..............................9, 11

*Greater Houston Transp. Co. v. Uber Techs., Inc.*,
    No. 4:14-0941, 2015 WL 1034254 (S.D. Tex. Mar. 10, 2015) ...........................................6

*GTE SW., Inc. v. Bruce*, 998 S.W.2d 605 (Tex. 1999) ...........................................................10, 11

*Hinojosa-Schroeter v. McCarthy*,
    No. 5:19-CV-1297-JKP-HJB, 2020 WL 5750007 (W.D. Tex. Sep. 25, 2020) ...............12

*Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004)........................................7, 8

*Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788 (Tex. 2006) .................................................10

*Lecody v. Anderson*,
    No. 07-20-00020-CV, 2021 WL 1202348 (Tex. App. Mar. 30, 2021) ............................11

*Ma v. CVS Pharmacy, Inc.*,
    No. 19-CV-3367, 2020 WL 533702 (N.D. Ill. Feb. 3, 2020) .....................................19, 20

*Maldonado v. FirstService Residential, Inc.*,
    No. H-20-1484, 2021 WL 2517542 (S.D. Tex. June 18, 2021)........................................13

*McNeal v. J.P. Morgan Chase Bank, N.A.*,
    No. 16-CV-3115, 2016 WL 6804585 (N.D. Ill. Nov. 17, 2016) ......................................19

*Mekuria v. Bank of Am.*, 883 F. Supp. 2d 10 (D.D.C. 2011) .....................................................15, 18

*Mitchell v. Cmty. Health Choice Tex., Inc.*,
    No. CV H-20-0142, 2021 WL 4464188 (S.D. Tex. Aug. 23, 2021) ................................10

*Payne v. Baker*, No. 4:14-CV-473-A, 2014 WL 5581314 (N.D. Tex. Nov. 3, 2014)..............9, 11

*Poullard v. Gateway Buick GMC LLC*,
    No. 3:20-CV-2439-B, 2021 WL 2376721 (N.D. Tex. June 10, 2021) .............................10

*Standard Fruit Vegetable Co. v. Johnson*, 985 S.W.2d 62 (Tex. 1998) .........................................8

*Stewart v. Houston Lighting & Power Co.*, 998 F. Supp. 746 (S.D. Tex. 1998) ...........................7

*Tiem v. First Am. Title Co.*, No. 20-40707, 2021 WL 4537689 (5th Cir. Oct. 4, 2021)...............12

*Tex. v. Crest Asset Mgmt., Inc.*, 85 F. Supp. 2d 722 (S.D. Tex. 2000).....................................12

*U.S. ex rel. King v. Solvay S.A.*,
    No. CIV.A. H-06-2662, 2013 WL 5514291 (S.D. Tex. Oct. 2, 2013) ............................20

*Williamson v. Am. Nat. Ins. Co.*, 695 F. Supp. 2d 431 (S.D. Tex. 2010) .................................8, 21

*Womack v. FedEx Kinko's Office & Print Servs., Inc.*,
    No. 4:06-CV-3818, 2008 WL 4461993 (S.D. Tex. Sep. 26, 2008) .................................7

*Woolf v. Mary Kay Inc.*, 176 F. Supp. 2d 642 (N.D. Tex. 2001) ...................................17

*Zhao v. JPMorgan Chase & Co.*,
    No. 17 CIV. 8570, 2019 WL 1173010 (S.D.N.Y. Mar. 13, 2019) ...................................19

**Rules**

Fed. R. Civ. P. 8(a)(1)......................................................................................................5

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 5, 18, 22

Fed. R. Civ. P. 12(e) ........................................................................................................20

**Statutes**

42 U.S.C. § 1981 .................................................................1, 2, 12, 16, 17, 18, 21, 22

42 U.S.C. § 1981a....................................................................................................21

42 U.S.C. § 1981a(b)(1)...........................................................................................21

Defendants JPMorgan Chase & Co. ("JPMC Holding Company"), JPMorgan Chase Bank, N.A. ("Chase Bank"), Trupti Patel ("Ms. Patel"), individually, and Shae Wells ("Ms. Wells"), individually (collectively the "Defendants") hereby file this Motion to Dismiss the causes of action set forth in Plaintiff Malika Mitchell-Stewart's ("Plaintiff") Amended Complaint [Dkt. 23] for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendants state as follows:

## I.   NATURE AND STAGE OF THE PROCEEDING

On February 2, 2022, Plaintiff filed her Complaint with the Court setting forth two causes of action against Defendants: (1) intentional infliction of emotional distress ("IIED") under Texas law; and (2) violation of 42 U.S.C. § 1981 ("Section 1981"). [*See generally* Dkt. 1]. Defendants moved to dismiss Plaintiff's Complaint on April 5, 2022. [Dkt. 21]. On April 26, 2022, Plaintiff simultaneously filed both an Amended Complaint and a Response to Plaintiff's aforementioned Motion to Dismiss. [Dkts. 22, 23]. The Court subsequently denied Defendants' Motion to Dismiss the original Complaint. [Dkt. 24]. The parties are set for a conference with the Court on June 6, 2022 at 9:30 a.m. [Dkt. 15].

## II.   ISSUES TO BE RULED UPON

Defendants respectfully request that the Court rule upon the following issues, as set forth more fully further herein:

1. Whether the Amended Complaint's IIED claim must be dismissed because 42 U.S.C. § 1981 provides a method of recovery for Defendants' allegedly tortious acts and therefore there is no need for IIED to "fill the gap;"

2. Whether the Amended Complaint fails to allege facts establishing essential elements of Plaintiff's IIED claim, including that she does not provide facts to establish that Defendants' alleged conduct was "extreme and outrageous", nor that she experienced "severe emotional distress";

3. Whether Plaintiff fails to allege facts, such as a racially-charged comment or disparate treatment, establishing that racial animus played any role in the alleged denial by Defendants to provide service to Plaintiff on December 18, 2021;

4. Whether Section 1981 provides a cause of action for gender discrimination and, if it does, whether Plaintiff has failed to set out any fact showing that her gender played a role in the alleged denial by Defendants to provide service to Plaintiff on December 18, 2021;

5. Whether all claims against JPMC Holding Company should be dismissed, as it is merely a holding company and there are no specific allegations of fact in the Amended Complaint which would establish it is liable for any of the alleged harm to Plaintiff;

6. Whether, under Rule 12(e), Plaintiff must replead the Amended Complaint to more adequately set forth the specific factual allegations as between JPMC Holding Company and Chase Bank; and

7. Whether Section 1981 provides for the award of punitive damages.

## III.    SUMMARY OF THE ARGUMENT

In their original Motion to Dismiss (the "Motion"), Defendants set forth a number of fundamental deficiencies in Plaintiff's Complaint requiring dismissal of Plaintiff's claims for intentional infliction of emotional distress under Texas state law ("IIED") and violations of 42 U.S.C. § 1981 ("Section 1981").   In response to the various shortcomings set forth in the Motion, Plaintiff exercised her right to amend the Complaint as a matter of course. While Plaintiff could have made amendments to fix the fatal issues, the Amended Complaint has done virtually nothing to bridge the gap between her deficient claims and viable ones. The causes of action in Plaintiff's Amended Complaint remain as legally implausible under the standards set out in *Iqbal* and *Twombly* as they were in her original pleading, and an added cause of action related to gender discrimination only amplifies the grounds to dismiss this pleading.

Having made only minimal additions regarding her IIED allegations, that claim remains entirely pre-empted by Plaintiff's Section 1981 claim. As Defendants provided in their original Motion, an IIED action exists only to "fill the gap" where there is no other recognized form of relief for tortious conduct. Plaintiff's IIED and Section 1981 claims, however, are still based on

2

the exact same set of facts, and the Amended Complaint's overlapping allegations admit as much. Beyond this threshold issue, the Amended Complaint still fails to establish that the alleged behavior complained of—refusing to deposit a check and open an account—is "extreme and outrageous." And Plaintiff does not sufficiently establish that she experienced "severe emotional distress," as her allegations demonstrate only a single identifiable emotional reaction, making no mention that she is or was unable to function in her normal life.

As to Plaintiff's Section 1981 claim, the Amended Complaint adds no allegations whatsoever to attempt to plausibly allege race discrimination. As before, Plaintiff's Section 1981 claim should be dismissed because she still fails to establish a cognizable connection between her alleged facts and any sort of discriminatory behavior. Plaintiff states only that: (1) she is a member of a protected class, and (2) she was denied the opportunity to deposit the Check to open an account at Chase Bank. These two independent allegations remain insufficient to move the needle to plausibly set forth a Section 1981 claim for racial discrimination because there are no allegations connecting Plaintiff's protective class as the cause of her alleged experience at the Chase Bank branch. Instead, case law teaches that for a Section 1981 claim, Plaintiff must allege either direct evidence to suggest that Defendants' alleged denial of service was due to her status as a protected class, such as a racially-charged comment to Plaintiff, or indirect or inferential evidence that non-black persons would have been treated differently by Defendants. The Amended Complaint does neither of those things. Requiring more from a pleading under these circumstances makes sense when one considers that potentially counterfeit checks are presented to businesses every day across the United States, many times in instances that can lead to the payee themselves being a victim of fraud. Simply put, it is not enough to state a claim for violation of Section 1981 (and move into

discovery in federal court) on the basis of allegations that merely allege a check was not accepted and the person presenting the check is part of a protected class.

In addition to her insufficient Section 1981 race discrimination claim, Plaintiff now casually alleges in her Amended Complaint that she was also the subject of gender discrimination. As an initial matter, this claim should be dismissed out of hand, as Section 1981 does not provide any relief for gender discrimination claims and solely applies to race-based claims.  But even if gender-based claims were within the scope of Section 1981, Plaintiff's allegations fall well short of actionable discrimination.  In an effort to allege this new, serious accusation, Plaintiff only mentions the term "gender" in two instances throughout her Amended Complaint, and her specifically enumerated cause of action under Section 1981 speaks entirely to racial discrimination, including a list of elements exclusive to race, failing to even once mention gender. This pleading tactic demonstrates Plaintiff's fundamental misunderstanding of what is required to plausibly state a claim for discrimination.

Separate from the foregoing arguments regarding the insufficiency of Plaintiff's causes of action, the Court should also dismiss all claims against JPMC Holding Company, as it is just that – a holding company – and there are no factual allegations set forth in the Amended Complaint which would establish that it is liable for any of the alleged harm to Plaintiff. Despite being provided the opportunity to delineate between JPMC Holding Company and Chase Bank in her Amended Complaint, Plaintiff continues to inappropriately conflate the two separate entities. As such, Plaintiff appears unable to articulate any actions giving rise to liability against JPMC Holding Company individually. In the alternative, should the Court determine that Plaintiff's claims against JPMC Holding Company may proceed, Plaintiff must provide a more definite statement as to the acts supporting liability as between Chase Bank and JPMC Holding Company.

Further, in the event that the Court denies Defendants' motion to dismiss Plaintiff's Section 1981 claim in its entirety, Defendants request the Court dismiss Plaintiffs' unauthorized and unsupported request for punitive damages under Section 1981, as such a request is not supported by the statutory language.

## IV.    ARGUMENT AND AUTHORITIES

### A.    GENERAL LEGAL STANDARDS FOR A FED. R. CIV. P. 12(b)(6) MOTION

The dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper if it appears beyond doubt that a plaintiff cannot prove any set of facts in support of their claim that would entitle them to relief. Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957). While the rules allow for a "short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(1)), "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To that end, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). And a complaint which merely offers "'naked assertions' devoid of 'further factual enhancement,'" is similarly insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

A complaint must "includ[e] factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. 544, 545 (2007)). Generally, "dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *City of Marshall*, 42 F.3d at 931. To this end, where a plaintiff fails to provide "sufficient factual allegations on an essential element of a claim," they have not raised their claim above a speculative level and

5

dismissal of the same is warranted. *See Deleon v. Cantrell*, No. 7:16-CV-00038-O-BP, 2017 WL 1857443, at *2 (N.D. Tex. Apr. 20, 2017), *report and recommendation adopted*, No. 7:16-CV-00038-O, 2017 WL 1832061, at *1 (N.D. Tex. May 5, 2017). Further, "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Greater Houston Transp. Co. v. Uber Techs., Inc.*, No. 4:14-0941, 2015 WL 1034254, at *4 (S.D. Tex. Mar. 10, 2015) (quoting *Iqbal*, 556 U.S. at 678). "The court should not strain to find inferences favorable to the plaintiff[] or accept conclusory allegations, unwarranted deduction, or legal conclusions." *Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, No. H-11-1420, 2012 WL 43366, at *3 (S.D. Tex. Jan. 9, 2012) (internal quotation marks omitted).

## B.   THE AMENDED COMPLAINT'S RELEVANT FACTUAL ALLEGATIONS

After amending her complaint in response to Defendants' Motion, Plaintiff's allegations remain largely unchanged. The facts most pertinent to Plaintiff's IIED and Section 1981 claims (and thus the instant motion) include:

- Plaintiff visited Chase Bank's First Colony branch on December 18, 2021 to "open an account and deposit her signing bonus check." [Dkt. 23 at p. 4 ¶ 13].

- The bank was located in a "predominantly white affluent suburb." *Id*. p. 2 ¶ 2.

- Ms. Patel asked questions about the Check presented by Plaintiff and then attempted to verify the Check. *Id*. at p. 5 ¶¶ 16–17.

- Ms. Wells informed Plaintiff that the "Check was fraudulent without providing justification or further articulation." *Id*. at p. 5 ¶ 20.

- Wells also told Plaintiff that she would not allow her to deposit the Check "because Wells believed [Plaintiff] was attempting to commit fraud." *Id*. at p. 5 ¶ 21.

- As a result of Defendants' supposed actions, Plaintiff experienced an "adverse emotional reaction" which included "crying uncontrollably." *Id*. at p. 6 ¶ 25.

6

Plaintiff also alleges that she received "professional medical treatment." *Id*. at p. 10 ¶ 41.[1]

## C.    THE MOTION TO DISMISS PLAINTIFF'S IIED CLAIMS

### 1.    Plaintiff's IIED Claim Must Be Dismissed Because It Is A "Gap Filler," And Her Section 1981 Claim Covers The Allegedly Offensive Behavior.

Under Texas law, the IIED cause of action is a "gap-filler" that is not "intended to supplant or duplicate existing statutory or common-law remedies." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005). Therefore, IIED may be employed "for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id*. Further, an IIED claim cannot be maintained if it is aimed at addressing the same type of wrong that a statutory remedy was designed to cover. *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 448 (Tex. 2004). Thus, "when a plaintiff alleges a claim for [IIED] based generally on the same facts as [another] claim, the former is preempted." *Brandon v. Life Care Ctrs. of Am., Inc.*, No. H-05-4013, 2006 WL 581798, at *2 (S.D. Tex. Mar. 8, 2006) (citing *Stewart v. Houston Lighting & Power Co.*, 998 F. Supp. 746, 757 (S.D. Tex. 1998)); *see also Womack v. FedEx Kinko's Office & Print Servs., Inc.*, No. 4:06-CV-3818, 2008 WL 4461993, at *12 (S.D. Tex. Sep. 26, 2008) ("Accordingly, the Court finds that Womack may not assert an intentional infliction of emotional distress claim as it is based on the same underlying conduct as her Title VII claims."). As a result, a plaintiff cannot prevail if the "gravamen of [the] complaint

---

[1]      Plaintiff submitted an affidavit in support of her Amended Complaint. [Dkt. 23 at pp. 12–15]. However, it bears no reference to seeking any "professional medical treatment" and the paragraph of her Amended Complaint containing that allegation, Paragraph 41, has not been sworn to by Plaintiff as true and correct. *Id*. at p. 12 ("I have read the foregoing Complaint, including the facts stated in the Factual Background section (**paragraphs 12-29**), and the statements contained therein are within my personal knowledge and are true and correct, unless otherwise qualified herein.") (emphasis added).

is really another tort." *Hoffmann-LaRoche Inc.*, 144 S.W.3d at 447. "Even if the other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." *Williamson v. Am. Nat. Ins. Co.*, 695 F. Supp. 2d 431, 471 (S.D. Tex. 2010) (citing *Creditwatch, Inc.*, 157 S.W.3d at 816). "In addition, '[a] claim for intentional infliction of emotional distress cannot be maintained when the risk that emotional distress will result is merely incidental to the commission of some other tort.'" *Durckel v. St. Joseph Hosp*, 78 S.W.3d 576, 586 (Tex. App. 2002) (quoting *Standard Fruit Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998)).

Defendants' Motion made clear that the facts supporting Plaintiff's IIED and Section 1981 claims are virtually identical. [Dkt. 21 at p. 6]. Despite being given the opportunity to cure this issue in amending her complaint, Plaintiff persists with her original allegations, maintaining that "**after being denied services at the First Colony Branch**, [she] went home … and had an adverse emotional reaction over this humiliation." [Dkt. 23 at p. 6 ¶ 25 (emphasis added)]. Her jurisdictional allegations continue to confirm the complete overlap of factual foundation for her claims, stating that the Court has supplemental jurisdiction over her IIED claim because her "causes of action [] derive from the same nucleus of operative facts **and** are part of the same case or controversy that give rise" to Plaintiff's Section 1981 claim. [Dkt. 23 at p. 2 ¶ 5 (emphasis added)]. In addition, Plaintiff alleges specifically in support of her IIED claim that Defendants "singl[ed] her out for discriminatory treatment because she is an African American woman – humiliating her, and lying to her preventing her from enforcing [Plaintiff's federally-protected] rights." [Dkt. 23 at p. 10 ¶ 41]. In sum, Plaintiff has made no effort whatsoever—neither before nor after amending her complaint—to confront the evident pre-emption of her IIED claim, and it must be dismissed. *See Brandon*, 2006 WL 581798, at *3 (dismissing IIED claim "[b]ecause Plaintiff's tort claim for intentional infliction of emotional distress and her Title VII claims arise

from related factual allegations of racially motivated conduct, her intentional infliction of emotional distress claim cannot survive.").[2]

### 2.    Plaintiff Also Fails To Establish Essential Elements Of Her IIED Claim.

Under Texas law, a party seeking to recovery a claim of IIED must establish that: "(1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, and (3) the defendant's conduct caused the plaintiff severe emotional distress. *Graham v. JPMorgan Case Bank, Nat. Ass'n*, No. 4:13-CV-1410, 2015 WL 4431199, at *14 (S.D. Tex. July 17, 2015). Plaintiff was unable in her original Complaint to establish the essential elements of her IIED claim, and for the reasons set forth below, still does not in her Amended Complaint allege facts to establish that Defendants' actions were "extreme and outrageous," or that she experienced "severe emotional distress."

#### a.    *Defendants' alleged actions were not "extreme and outrageous."*

To establish that a defendant's acts were "extreme and outrageous," it must be shown that the alleged behavior went "beyond all possible bounds of decency as to be regarding as atrocious and utterly intolerable in a civilized community." *Graham*, 2015 WL 4431199, at *24. However, behavior which is "insensitive or rude, or that is comprised of 'mere insults, indignities, threats, annoyances, petty oppressions, and other trivialities' is not considered extreme and outrageous." *Payne v. Baker*, No. 4:14-CV-473-A, 2014 WL 5581314, at *4 (N.D. Tex. Nov. 3, 2014) (quoting

---

[2]    Plaintiff superficially addressed Defendants' "gap filler" argument in her Response to Defendants' original Motion. [Dkt. 22 at p. 10]. However, she did not cite a single case which establishes her IIED claim should survive dismissal. Instead, she referenced only a single case—ostensibly borrowed from Defendants' briefing—which expressly found that a plaintiff's IIED claim did not fill any gap, reversed the appellate court's holding to the contrary, all while noting that "except in circumstances bordering on serious criminal acts, we repeat that such acts will rarely have merit as intentional infliction claims." *Creditwatch, Inc.*, 157 S.W.3d at 818. The Amended Complaint fails to show any basis for why her IIED claim should be allowed to proceed in the presence of her factually-identical Section 1981 claim.

*GTE SW., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999)). "Meritorious claims for [IIED] are relatively rare precisely because most human conduct, even that which causes injury to others, cannot be fairly characterized as extreme and outrageous." *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006).

Plaintiff's amended allegations regarding Defendants' actions remain substantively the same: Plaintiff complains that Ms. Patel asked Plaintiff questions about the Check, attempted to verify it, then Ms. Wells informed Plaintiff that she believed the Check to be fraudulent and, on that basis, would not allow her to open an account. [Dkt. 23 at pp. 5 ¶¶ 16–17, 20–21].  These allegations still fall well short of the "high bar" of establishing extreme and outrageous behavior. *See Auriti v. Wells Fargo Bank, N.A.*, No. 3:12-CV-334, 2013 WL 2417832, at *8 (S.D. Tex. June 3, 2013). Rather, the facts alleged by Plaintiff—which remain devoid of any direct or indirect evidence of racial animus in the actions of Ms. Patel and Ms. Wells even after amendment—fall short considering other IIED claims deemed insufficient to survive dismissal in this jurisdiction. *See, e.g., Mitchell v. Cmty. Health Choice Tex., Inc.*, No. CV H-20-0142, 2021 WL 4464188, at *6 (S.D. Tex. Aug. 23, 2021) (finding IIED claim was not plausible where plaintiff's factual allegations suggested that defendant had acted in accordance with "company policies"), *report and recommendation adopted sub nom. Doe v. Cmty. Health Choice Tex., Inc.*, No. 4:20-CV-00142, 2021 WL 4458769 (S.D. Tex. Sep. 29, 2021); *Poullard v. Gateway Buick GMC LLC*, No. 3:20-CV-2439-B, 2021 WL 2376721, at *7 (N.D. Tex. June 10, 2021) (dismissing IIED claim where allegations required "too large an inferential leap" to determine that defendant had acted unlawfully); *Payne*, 2014 WL 5581314, at *5 (dismissing IIED claim even with allegations that defendant sent men to stay outside plaintiff's apartment in an effort to "stalk, harass, and frighten").

10

The actions of Ms. Patel and Ms. Wells, which were the result of their review of Plaintiff's Check, were not "extreme" nor "outrageous."

> ### b. *The Amended Complaint's factual allegations fail to establish that Plaintiff experienced "severe emotional distress."*

The emotional distress experienced by Plaintiff to support an IIED claim must be "so severe that no reasonable person could be expected to endure it." *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999). The distress must be "more than mere worry, disappointment, anxiety, vexation, embarrassment, anger" as these are "not sufficient to establish severe emotional distress." *Graham*, 2015 WL 4431199, at *14. Being "unable to function in one's normal life or seeking treatment from a medical professional" can establish that one experienced severe emotional distress. *Lecody v. Anderson*, No. 07-20-00020-CV, 2021 WL 1202348, at *7 (Tex. App. Mar. 30, 2021, no pet.).

Unlike most of the deficiencies in the Complaint identified by Defendants, Plaintiff has attempted to add at least some factual enhancement to substantiate her claim of "severe emotional distress." Plaintiff now alleges not only that she had an "adverse emotional reaction," but that she "was emotionally distraught and began crying uncontrollably." [*Compare* Dkt. 1 at p. 5 ¶ 23, *with* Dkt. 23 at p. 6 ¶ 25]. But even "highly unpleasant mental reactions" are "insufficient to sustain a claim of IIED." *Payne*, 2014 WL 5581314, at *4. And Plaintiff does not allege that she was unable to function as she normally had—in fact, her allegations regarding her adverse emotional reaction appear limited to immediately after her visit to Chase Bank's First Colony branch. [*See* Dkt. 23 at p. 6 ¶ 25]. She also makes no allegation that this reaction persisted or otherwise prevented her from going about her daily routine. And while she now states after amendment that she "received professional medical treatment", this is insufficient to make her claim plausible where there are no allegations as to specific medical conditions she may have allegedly experienced. *See Tex. v. Crest*

*Asset Mgmt., Inc.*, 85 F. Supp. 2d 722, 736 (S.D. Tex. 2000) (plaintiff, who sued for IIED as a result of national origin discrimination, "has not demonstrated that he sustained severe emotional distress as a result of Defendants' conduct… He certainly does not contend that he is suffering from anything approaching the possibly suicidal, manic-depressive illness and bipolar disorder experienced by the plaintiff in *Wilson* or the debilitating headaches alleged by the plaintiff in *Clayton*…. Texas also has not alleged that he is afflicted with post-traumatic stress syndrome, as diagnosed in *Haryanto*."). Accordingly, the Amended Complaint fails to set forth facts sufficient to establish that Plaintiff experienced severe emotional distress.

*    *    *    *

Plaintiff has failed to set forth a cognizable claim for IIED. Her Section 1981 cause of action is based on the same allegations and provides her a means of recovery for Defendants' alleged action. Beyond that, Plaintiff's factual allegations do not establish in anything more than a conclusory manner that Defendants' purported acts were "extreme and outrageous," nor that suffered "severe emotional distress" as required under Texas law. For these reasons, the Court must dismiss Plaintiff's IIED claim without leave to replead.[3,4]

---

[3]    Plaintiff should not be afforded any opportunity to replead her IIED claim as "she cannot assert an intentional infliction of emotional distress claim, as it is based on the same underlying conduct as her claim for discrimination." *Hinojosa-Schroeter v. McCarthy*, No. 5:19-CV-1297-JKP-HJB, 2020 WL 5750007, at *6 (W.D. Tex. Sep. 25, 2020).

[4]    Further, if the Court dismisses Plaintiff's Section 1981 claims—as it should for the reasons set forth more fully herein, (*infra* at pp. 13–19), Plaintiff's IIED claim still must fail, as "a plaintiff cannot assert an IIED claim merely because of her inability to prevail on another theory of relief designed to address the gravamen of the plaintiff's complaint." *Tiem v. First Am. Title Co.*, No. 20-40707, 2021 WL 4537689, at *6 (5th Cir. Oct. 4, 2021).

**D.      THE MOTION TO DISMISS PLAINTIFF'S 42 U.S.C. § 1981 CLAIMS.**

**1.      The Amended Complaint Fails to Allege Facts That Plaintiff's Race Played A Role In Defendants' Treatment Of Her Check.**

To establish a violation of Section 1981, Plaintiff must show: "(1) that she is a member of a racial minority; (2) that [the Defendants] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Maldonado v. FirstService Residential, Inc.*, No. H-20-1484, 2021 WL 2517542, at *4 (S.D. Tex. June 18, 2021). Plaintiff does not allege any facts from which the Court can reasonably infer that Defendants had any intent to discriminate against Plaintiff upon the basis of her race. Instead, the Amended Complaint, like the original Complaint, presents the Court with non-interdependent facts: Chase Bank's alleged denial of contract to Plaintiff and her race, but nothing in the Amended Complaint establishes that such denial had anything to do with Plaintiff's race.

"To allege intentional discrimination, the plaintiff must allege facts that could show the defendant's interference with plaintiff's rights was racially motivated." *Maldonado*, 2021 WL 2517542, at *5. In the absence of direct evidence of racial discrimination, Plaintiff must set forth facts from which the Court could reasonably infer that Plaintiff's race played a role in Defendants' purported acts, which includes allegations that members of a racial majority would have been treated differently. *See id.* ("Alleging facts showing that similarly situated non-minorities received better treatment could create the necessary inference and set the predicate for establishing a discrimination claim.") (citing *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017)).  Plaintiff's allegations show neither direct evidence of racial discrimination nor facts from which the Court could infer that Defendants would have treated non-black persons differently than Plaintiff.

Even after amending the Complaint, there is still no direct evidence, such as a racially-motivated comment to Plaintiff, that racial animus played any role in Mss. Patel and Wells' alleged actions, namely the handling of Plaintiff's Check and refusal to open an account in her name. Indeed, the Amended Complaint itself makes clear that Mss. Patel and Wells were concerned not with Plaintiff's race, but rather the Check that she presented. To wit, Ms. Patel asked questions about and attempted to verify the Check. [Dkt. 23 at p. 5 ¶¶ 16–17]. Seeking to protect both Chase Bank and Plaintiff herself from the risk associated with a potentially counterfeit check, Ms. Wells allegedly stated that she believed the Check was fraudulent and on that basis—not Plaintiff's race—refused Plaintiff's request to open an account. *Id*. at p. 5 ¶¶ 20–21. According to the allegations, Ms. Wells stated nothing further as to why she believed the Check to be fraudulent (*id*. at p. 5 ¶ 20), and made no comment to Plaintiff about her race.

As to indirect evidence of discrimination, there is no allegation—and indeed no facts—supporting the inference that a non-black person would have been treated differently than Plaintiff in the same situation. *Cf. Knight v. Wells Fargo Bank NA*, 459 F. Supp. 3d 1288, 1293 (N.D. Cal. 2019) (denying motion to dismiss where complaint alleged that bank treated Asian and white customers differently than plaintiff, a black man, and that bank had "imposed a condition on [plaintiff] during contract formation that was not imposed on its other customers").[5] Nothing in the Amended Complaint establishes disparate treatment between black versus non-black persons

---

[5]     It is dubious that Plaintiff would even be able to make a statement that white patrons of Chase Bank's First Colony branch would have been treated differently in her situation, as she admits that she was "not a JPMorgan Chase account holder" and does not allege that she ever frequented the bank. [Dkt. 23 at p. 4 ¶ 14]. Thus, she would have no knowledge regarding Chase Bank First Colony branch's practices. This stands in contrast to the plaintiff in *Knight*, who had experience with the defendant bank's processes having received service from it previously. 459 F. Supp. 3d at 1290 ("Knight alleges he was aware of that process because he had cashed checks at Wells Fargo in the past….").

in Plaintiff's situation to support the conclusory statement that Plaintiff was discriminated against "because of her race." [Dkt. 23 at p. 2 ¶ 2].

Rather, the instant case is highly similar to *Mekuria v. Bank of Am.*, a 2011 suit brought before the United States District Court for the District of Columbia. 883 F. Supp. 2d 10 (D.D.C. 2011). The plaintiff in *Mekuria* lodged a Section 1981 claim based upon the defendant bank's refusal to credit disputed deposits and subsequent closing of his accounts without explanation. *Id.* at 13. In dismissing the Section 1981 claim, the court found that plaintiff had "failed to allege the facts necessary to support a claim of racial discrimination in violation of § 1981," explaining that he had "failed to plead a single fact to suggest that the Bank or any of its employees discriminated against him based on his race" and did not set forth "any facts to suggest that white customers of the Bank are treated any differently." *Id.* at 15. Because there was no articulable connection between the *Mekuria* plaintiff's race and the allegedly discriminatory actions, "he could just have easily alleged he was discriminated against based on any other visible attribute, such as his age or gender." *Id.*[6] The same is true here. Plaintiff alleges no racially-charged comments during her interactions at Chase Bank, nor does she set forth anything more than speculation that her race played any role in Mss. Patel and Wells' handling of her Check. Thus her conclusory statements of disparate treatment, in the absence of factual allegations to support them, are insufficient to survive dismissal. *Akyar v. TD Bank US Holding Co.*, No. 18-CV-379, 2018 WL 4356734, *4 (S.D.N.Y. Sep. 12, 2018) (dismissing Section 1981 claim where plaintiff failed to establish

---

[6]      Indeed, Plaintiff is now attempting to bring a gender discrimination claim upon the exact same facts as her racial discrimination claim, but the Amended Complaint continues to lack any comment or remark by Mss. Patel or Wells about any physical characteristic of Plaintiff.  As the *Mekuria* court warns, based on Plaintiff's theory of Section 1981 claims, she could just have easily alleged Defendants discriminated based on her age or any other physical characteristic.

disparate treatment, as his complaint did not "contain any allegations regarding how comparators utilized their bank accounts").

Plaintiff's "case boils down to an argument that because [s]he was mistreated and because [s]he is black, there must be some connection between the two." *Id*. Such unwarranted inferences and speculation are insufficient as a matter of law to survive scrutiny under Rule 12(b)(6), and accordingly the Court must dismiss Plaintiff's Section 1981 claim. *See Amaya v. Ballyshear LLC*, 295 F. Supp. 3d 204, 220 (E.D.N.Y. 2018) ("Naked assertions… of discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss.").[7]

### 2. Section 1981 Only Provides Relief For Racial Discrimination, And Plaintiff's Gender Discrimination Claim Must Be Dismissed.

In her Amended Complaint, Plaintiff now takes the position that Defendants violated Section 1981 by discriminating against Plaintiff based on her gender. [Dkt. 23 at p. 2 ¶ 2]. As an initial matter, Plaintiff's new claim has a fatal flaw: Section 1981 does not provide any relief for alleged gender discrimination. Rather, Section 1981 only extends to incidents of alleged racial discrimination. The statute proscribes that all persons in the United States shall have the same rights that are "enjoyed by **white citizens**." 42 U.S.C. § 1981 (emphasis added). Courts of this

---

[7]     In her Response to Plaintiff's Motion to Dismiss her original Complaint, Plaintiff stated that the facts set forth by her support the "inference" that Chase's decision to scrutinize the Check were "racially motivated." [Dkt. 212 at p. 12]. To support this speculative position, Plaintiff alleges that Chase employee Janice Brooks "apologized" to her, thus asking the Court to speculate that Ms. Brooks effectively admitted Chase's actions were racially discriminatory. [Dkt. 22 at p. 13]. However, Plaintiff's allegations again fail to make any connection between Plaintiff's race and Ms. Brooks statements, which were not racially-charged and do not show disparate treatment. And while Plaintiff argues that she was "singled-out," this is utterly unsupported by her factual allegations. [Dkt. 22 at p. 13]. As set forth above, there is no factual enhancement for the proposition that a similarly situated non-minority person would have received any different treatment. *Supra* at pp. 11–14. Plaintiff's arguments regarding the inferences that should flow from her factual allegations are unsupported by the plain language of her own pleading.

jurisdiction and around the country have held that gender discrimination is not actionable under Section 1981. *See, e.g., Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981) ("In the face of seemingly unambiguous statutory language, emphatic contemporaneous statements by legislators and an unbroken tide of case law… we conclude that the district court properly held that sex discrimination is not cognizable under [Section] 1981]."), *Woolf v. Mary Kay Inc.*, 176 F. Supp. 2d 642, 652 (N.D. Tex. 2001) ("Absent allegations of racial discrimination, the complaint fails to state a claim under § 1981 and the court lacks subject matter jurisdiction."); *see also Allen-Brown v. D.C.*, 54 F. Supp. 3d 35, 43 (D.D.C. 2014) (discussing and collecting cases). Accordingly, the Court must dismiss Plaintiff's gender discrimination claim purportedly arising under Section 1981.

### 3.   Plaintiff's New Section 1981 Gender Discrimination Claim Also Fails To Be Supported By Any Direct Or Indirect Evidence of Gender-Based Action.

Even assuming a gender discrimination claim is within the scope of Section 1981, Plaintiff's gender-based claim, similar to her race-based claim, lacks a factual connection between Plaintiff's alleged experience at the Chase Bank branch and any discriminatory behavior. In fact, in attempting to state a gender-based claim, Plaintiff simply tacks on "and gender" after "[b]ecause of her race… [Plaintiff] was discriminated against," at the outset of her Amended Complaint. [*Compare* Dkt. 23 at p. 2 ¶ 2, *with* Dkt. 1 at p. 2 ¶ 2]. Again, no evidence of direct or indirect discrimination is provided, and nothing in the Amended Complaint gives any context to this serious claim. It appears that Plaintiff believes that she can simply insert the words "and gender" to state a new gender-based discrimination claim.   In fact, Plaintiff's approach to her gender discrimination claim shows simultaneously her inability to state a claim for both race and gender discrimination, in that it is apparent from the Amended Complaint she believes merely stating she is part of a protected class and that she had a bad experience is sufficient to state a discrimination

claim through speculative inference.  Such an approach, however, is insufficient under applicable law.

Plaintiff's allegations are simply not enough to state a claim for gender discrimination. There has been no factual enhancement given to support a gender discrimination claim independent of the facts Plaintiff offers to establish her racial discrimination cause of action. In Plaintiff's estimation, the Amended Complaint's facts, almost entirely unchanged from those in her original Complaint, simultaneously support both her racial and gender discrimination claims. But there must be some thread connecting alleged acts and a gender-based discriminatory motivation. *See Mekuria*, 883 F. Supp. 2d at 13. In the absence of such, Plaintiff could just as easily say that her allegations support age, sexual preference, or any other iteration of discrimination. The factual allegations are simply not sufficiently specific to support a claim of gender discrimination. *See id*. ("Based on the facts pled in Plaintiff's complaint, he could just have easily alleged he was discriminated against based on any other visible attribute, such as his age or gender.").

*     *     *     *

Plaintiff fails to make factual allegations from which this Court could make the reasonable inference that racial animus played a role in the alleged denial of services to Plaintiff. And because her gender discrimination claim is based on identical facts, it too fails to bridge any logical gap between act and discriminatory intent. Further, Section 1981 provides no method of relief whatsoever for Plaintiff's new claim of gender discrimination. Accordingly, the Court must dismiss Plaintiff's discrimination causes of action arising under Section 1981.

## E.    THE MOTION TO DISMISS ALL CLAIMS AGAINST JPMC HOLDING COMPANY.

Defendants also move under Fed. R. Civ. P. 12(b)(6) to dismiss all claims against JPMC Holding Company, as the Amended Complaint fails to set forth a single allegation that would make

18

it liable for any of the harm claimed by Plaintiff. In sum, the Amended Complaint fails to allege that JPMC Holding Company actually did anything in this matter—it doesn't state that JPMC Holding Company employed Mss. Patel and Wells, nor that JPMC Holding Company owned or operated the branch that Plaintiff visited. There is simply no factual connection between JPMC Holding Company and the events of December 18, 2021 as described by the Amended Complaint. And in truth, the Amended Complaint could never make such a leap, as JPMC Holding Company is—as its name implies—simply a holding company. Its filings with the Securities and Exchange Commission make this clear. JPMC Holding Company Form 10-K, https://jpmorganchaseco.gcs-web.com/node/434316/html (stating JPMC Holding Company is "a bank holding company [] and a financial holding company [] under U.S. federal law" and that it "holds the stock of JPMorgan Chase Bank, N.A. and an intermediate holding company, JPMorgan Chase Holdings LLC") (last visited on May 5, 2022). This is no secret. It is announced on JPMorgan's website. JPMorgan, *Who We Are*, J.P.MORGAN.COM, https://www.jpmorganchase.com/about (stating "JPMorgan Chase & Co. is the name of the holding company and the firm serves its customers and clients under its Chase and JPMorgan brands.") (last visited on May 5, 2022). Given that the Amended Complaint does not (and cannot) reasonably set out facts from which JPMC Holding Company could be held liable for the harm that Plaintiff claims, the Court should dismiss all claims against JPMC Holding Company. *See, e.g., Zhao v. JPMorgan Chase & Co.*, No. 17 CIV. 8570, 2019 WL 1173010, at *3 (S.D.N.Y. Mar. 13, 2019) ("Accordingly, the Court dismisses all claims against the JPMC Holding Company."); *McNeal v. J.P. Morgan Chase Bank, N.A.*, No. 16-CV-3115, 2016 WL 6804585, at *2 (N.D. Ill. Nov. 17, 2016) (dismissing claims because "there are no allegations tracing [plaintiff's] injuries to [JPMC Holding Company]"); *see also Ma v. CVS Pharmacy, Inc.*, No. 19-CV-3367, 2020 WL 533702, at *3 (N.D. Ill. Feb. 3, 2020) ("Defendant has offered

evidence that CVS Health is a holding company with no employees and no involvement, direct or indirect, in the facts underlying the case that make it a proper defendant… That warrants dismissing CVS Health as a defendant."), *aff'd*, 833 Fed. Appx. 10 (7th Cir. 2020), *reh'g denied* (Nov. 12, 2020), *cert. denied*, 141 S. Ct. 2737 (2021); *U.S. ex rel. King v. Solvay S.A.*, No. CIV.A. H-06-2662, 2013 WL 5514291, at *1 (S.D. Tex. Oct. 2, 2013) (granting summary judgment in favor of defendant holding company on all claims and noting that the "main defendant… remains in the lawsuit").[8]

In the alternative and in the event the Court determines that either of Plaintiff's claims against JPMC Holding Company should survive dismissal, Defendants move under Rule 12(e) that Plaintiff be required to amend her Amended Complaint to make a more definite statement of the specific factual allegations as to Chase Bank and JPMC Holding Company. Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). As currently pled, the Amended Complaint regularly uses the term "Chase," which comprises both Chase Bank and JPMC Holding Company. [Dkt. 23 at p. 1]. But whereas the former entity actually operates the banking institution that Plaintiff visited as described in the Complaint, the latter is merely a holding company of operating subsidiaries. Plaintiff has simply lumped JPMC Holding Company and Chase Bank together for her pleading purposes making no

---

[8]     In her Response to Defendants' Motion to Dismiss, Plaintiff provides no legal authority supporting the proposition that a holding company can be held liable for acts incurred by employees of one of its subsidiary companies, instead choosing to (apparently) rest her argument on a rhetorical question. [*See* Dkt. 22 at pp. 13–14]. But even with knowledge of Defendants' position on the deficiencies in her original pleading, Plaintiff's Amended Complaint does not allege a single fact particular to JPMC Holding Company and her Response does nothing to rectify this failure. Plaintiff appears unable to provide any legal or factual basis to support her claims against JPMC Holding Company.

meaningful effort to distinguish the acts of the individual entities which would give rise to liability for her claims. This has resulted in confusing and nonsensical allegations. For instance, Plaintiff states that she attempted to open a bank account with "Chase" via "Chase's banking staff," which, again given JPMC Holding Company's status as a holding company, is irreconcilably confusing. Accordingly, Defendants alternatively request that Plaintiff be required to amend her Amended Complaint to state the specific factual allegations as between JPMC Holding Company and Chase Bank giving rise to liability for her pending claims. *See Bellard v. JP Morgan Chase Bank, N.A.*, No. G-10-124, 2010 WL 1960079, at *2 (S.D. Tex. May 14, 2010) (granting Rule 12(e) motion and requiring plaintiff amend complaint to clarify "the specific factual allegations against each of the defendants rather than generic global pleading 'defendants'").

## F.   IN THE ALTERNATIVE, PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES UNDER SECTION 1981 MUST BE DISMISSED.

Plaintiff has stated that Defendants are liable for punitive damages under 42 U.S.C. § 1981 "because their conduct was based on malice and/or reckless indifferent to Plaintiff's legal rights." [Dkt. 23 at p. 8 ¶ 35]. In the event that Court determines that Plaintiff's Section 1981 claim should survive the instant motion to dismiss, there is no basis for any such relief, as Section 1981 does not provide that a violation of the same allows for the recovery of punitive damages. *See generally* 42 U.S.C. § 1981. Rather, 42 U.S.C. § 1981a states that punitive damages may be awarded, but that subsection governs only discrimination in employment actions. 42 U.S.C. § 1981a (titled "Damages in cases of intentional discrimination in employment"); *see also Williamson v. Am. Nat. Ins. Co.*, 695 F. Supp. 2d 431, 443 (S.D. Tex. 2010) (stating that Section 1981a "provides a prevailing plaintiff in an **intentional employment discrimination suit** … with the ability to recover compensatory and punitive damages.") (emphasis added); *Bennett v. Calabrian Chemicals Corp.*, 324 F. Supp. 2d 815, 839 (E.D. Tex. 2004) (same). The culpability standard Plaintiff

references—"malice and/or reckless indifferen[ce]"—is restated almost verbatim from 42 U.S.C. § 1981a(b)(1). *Id*. ("A complaining party may recover punitive damages under this section… if the complaining party demonstrates that the respondent engaged in a discriminatory practice… with **malice or with reckless indifference** to the federally protected rights of an aggrieved individual.") (emphasis added). Accordingly, because Section 1981 does not expressly provide for the award of punitive damages, the Court must dismiss any such request in the event that the Section 1981 claim survives complete dismissal.

## V.    CONCLUSION

For at least the reasons set forth above, Defendants respectfully request that, pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismiss Plaintiff's claims for IIED and violations of 42 U.S.C. § 1981, without leave to replead. Defendants further request that JPMC Holding Company be dismissed from this case, or alternatively Plaintiff be required to amend her Amended Complaint to state the specific factual allegations against JPMC Holding Company and Chase Bank. Defendants further alternatively respectfully request that the Court dismiss Plaintiff's demand for punitive damages under Section 1981. Defendants further respectfully request any and all other relief, at law or at equity, to which the Court may find Defendants justly entitled.

Dated: May 10, 2022

Respectfully Submitted,

GREENBERG TRAURIG, LLP

By: */s/ Mary-Olga Lovett*
**Mary-Olga Lovett**
Fed. ID No. 17743
State bar No. 00789289
mol@gtlaw.com
**Vernon Lewis**
Fed ID No. 15882
State Bar No. 12308800
lewisve@gtlaw.com
**Jeremy Simmons**
Fed. ID No. 3618843
State Bar No. 24066689
simmonsje@gtlaw.com
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: 713.374.3500
Fax: 713.754.7541

**Jesse (Dale) W. Wainwright**
Fed. ID No. 147233
State Bar No. 00000049
wainwrightd@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: 512.320.7200
Fax: 512.320.7210

***Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Trupti Patel, individually, and Shae Wells, individually.***

23

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on May 10, 2022, which issued an electronic copy of this document to be served on all counsel of record who have appeared in this matter.

By: */s/ Mary-Olga Lovett*
Mary-Olga Lovett